**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 96-4204

EON DAVID,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., Chief District Judge.
(CR-95-206)

Submitted: December 31, 1996

Decided: February 10, 1997

Before WILLIAMS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, FLOYD, ALLEN & JACOBS, L.L.P., Greens-
boro, North Carolina, for Appellant. Walter C. Holton, Jr., United
States Attorney, Lisa B. Boggs, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Eon David appeals from the district court's orders 1) denying his motion to suppress evidence, 2) denying his motion to strike an 18 U.S.C.A. § 924(c)(1) (West Supp. 1996) charge from his indictment following the Supreme Court's decision in Bailey v. United States, 116 S. Ct. 501 (1995), and 3) refusing to grant him a three-point reduction for acceptance of responsibility under the Sentencing Guidelines, see United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 1995). We affirm.

David first claims that the district court improperly applied the good-faith exception to the exclusionary rule to a warrant found to be unsupported by probable cause. We disagree. The warrant at issue was supported by an affidavit which stated that a tested and reliable confidential informant personally observed someone in the targeted apartment in possession of crack cocaine. The source further stated that he was aware that drugs were being sold from this apartment. We have not been called upon to revisit the district court's determination of probable cause and therefore decline to give any opinion on this matter. We do, however, find that this affidavit was sufficient to justify an objective officer's reasonable reliance in the validity of the warrant. See United States v. Leon, 468 U.S. 897, 922-23 (1984). Accordingly, we affirm the district court's application of the good-faith exception and its subsequent denial of David's motion to suppress.

Next, David claims that the district court erred in refusing to strike a § 924(c)(1) charge from his indictment following his plea of guilty and the Supreme Court's decision in Bailey v. United States, 116 S. Ct. 501 (1995). We agree with David that the circumstances surrounding his arrest do not give rise to a charge that he "used" a firearm during and in relation to the commission of a drug trafficking offense.

2

See Bailey, 116 S. Ct. at 505 (stating that a conviction for "use" of a firearm under § 924(c)(1) requires "evidence sufficient to show an active employment of the firearm by the defendant"). David, however, was charged with, and pled guilty to, using or carrying a firearm during and in relation to the commission of a drug trafficking offense. Although the Bailey court did not expressly address the interpretation of "carry" under § 924(c)(1), we have recently clarified in light of Bailey what it means to carry a firearm under the statute. See United States v. Mitchell, No. 95-5792, slip. op. at 7 (4th Cir. Jan. 15, 1997) (concluding that "the meaning of the term`carry' as used in § 924(c)(1) requires knowing possession and bearing, movement, conveyance, or transportation of the firearm in some manner"). Under this statutory definition of "carry," it is clear that David carried a firearm in the post-Bailey sense of that term during and in relation to the underlying drug offense.* David's assertion to the contrary is without merit. Accordingly, we affirm the district court's refusal to strike the § 924(c)(1) charge from the indictment.

Finally, David challenges the district court's refusal to grant him a three-point reduction for acceptance of responsibility. We review the district court's application of the Sentencing Guidelines to the facts under a "due deference" standard, examining factual determinations for clear error and legal conclusions de novo. See 18 U.S.C.A. § 3742(e) (West Supp. 1996); United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989). The district court's statements essentially suggest its disbelief in David's assertion that he was minimally involved in the charged offense. Based on our review of the record, we cannot say that the district court clearly erred. Therefore, we affirm the district court's refusal to grant the requested reduction.

Accordingly, we affirm all of the contested orders at issue in this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

*David pled guilty to drug conspiracy under 21 U.S.C.A. § 841(a)(1) (West 1981). There is sufficient evidence to support his plea on this charge.